IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO.: CR209-15

DUPREE WOODARD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Dupree Woodard ("Defendant") is charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant's attorney filed a Notice for a <u>Jackson-Denno</u> hearing. The undersigned conducted this hearing on July 21, 2009, at which Detective Jimmy L. Palmer, Jr. ("Detective Palmer"), with the Glynn County Police Department testified.

## STATEMENT OF THE CASE

The credible testimony at the hearing and a review of the videotaped interview establish the following:

On February 7, 2009, Detective Palmer was called to a location in the Bradford Street area[1] of Brunswick, Georgia, concerning a stolen vehicle which had been seen in the area where an aggravated assault occurred. Detective Palmer testified that he was called to this scene to process the vehicle and to recover the firearm found in the vehicle. Detective Palmer also testified that, when Defendant was in the back of a

---

[1] Detective Palmer originally stated the area was on Blaine Street, but he later corrected himself.

patrol car, he asked Defendant his name and if Defendant wanted to talk to him. According to Detective Palmer, Defendant stated he would speak to him, but Detective Palmer did not interview him at that time. Detective Palmer stated that Defendant was taken to the police department, while he waited at the scene until the vehicle was towed. Detective Palmer entered a police department's interview room where Defendant was located. Palmer advised Defendant of his Miranda[2] rights by reading from a standard Miranda Warning Rights and Waiver form. (Gov't's Ex. 1). Detective Palmer testified that Defendant read along with him, initialed each of the five (5) enumerated rights, and signed the waiver portion of this form. Detective Palmer also testified that Defendant did not appear to be under the influence of any drugs or alcohol. Detective Palmer further testified that his interview of Defendant lasted 20 to 25 minutes and that Defendant did not invoke any of his rights at any time during this interview.

## ISSUE PRESENTED

Defendant asserts that his statements were not made voluntarily.

## DISCUSSION AND CITATION TO AUTHORITY

The United States Supreme Court's holding in Jackson v. Denno, 378 U.S. 368 (1964), governs the voluntariness of confessions, and in pertinent part provides:

> It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, and even though there is ample evidence aside from the confession to support the conviction.

---

[2] "Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." Miranda v. Arizona, 384 U.S. 436, 444 (1966).

378 U.S. at 376 (internal citation omitted).  A confession is not "voluntary" pursuant to the Due Process Clause when law enforcement officials have used coercive conduct. Colorado v. Connelly, 479 U.S. 157, 167 (1986).  Coercion can be mental or physical. Blackburn v. Alabama, 361 U.S. 199, 206 (1960); Chambers v. Florida, 309 U.S. 227, 237 (1940).  The test for determining if a confession is the result of coercion requires a review of the "totality of the circumstances."  Blackburn, 361 U.S. at 206 (citing Fikes v. Alabama, 352 U.S. 191, 197 (1957)).  In examining the totality of the circumstances[3], it must be determined whether "the statement is the product of the accused's free and rational choice."  Harris v. Dugger, 874 F.2d 756, 761 (11th Cir. 1989).  "Sufficiently coercive conduct normally involves subjecting the accused to an exhaustingly long interrogation, the application of physical force or the threat to do so, or the making of a promise that induces a confession." United States v. Thompson, 422 F.3d 1285, 1295-96 (11th Cir. 2005).  Government coercion is a necessary predicate to a finding of involuntariness under the Fifth Amendment.  However, "[a]bsent police conduct causally related to the confession, there is no basis for concluding that any state actor has deprived a criminal defendant of due process of law." Id. at 1296.

The evidence before the Court reveals that Defendant has a twelfth grade education, was not under the influence of drugs or alcohol, and was advised of his rights pursuant to Miranda prior to Detective Palmer's interview.  Defendant appeared to read along as Detective Palmer read the rights and waiver form aloud.  There is no evidence that Detective Palmer or any other officer threatened Defendant in any way or

---

[3] These potential circumstances include not only the crucial element of police coercion, but the length of the interrogation, its location, and its continuity, and the defendant's maturity, education, physical condition, and mental health.  These circumstances also include the failure of police to advise the defendant of his rights to remain silent and to have counsel present during custodial interrogation. Withrow v. Williams, 507 U.S. 680, 693-94 (1993) (internal citations omitted).

that Defendant was promised anything in return for speaking with Detective Palmer. In addition, Defendant did the majority of the talking during the interview, which lasted a little more than 20 minutes. Defendant initialed every right enumerated on the waiver form, indicating he understood those rights. Defendant waived his rights and did so knowingly and voluntarily.[4]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's statements be admissible against him during the trial of this case.

**SO REPORTED** and **RECOMMENDED**, this 27th day of July, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[4] The undersigned recessed the hearing to allow the Government's attorney and defense counsel the opportunity to view a compact disc of the taped interview. Defense counsel stipulated that Defendant watched the video with him and that it appeared that Defendant had his rights read to him and that he waived those rights knowingly and voluntarily.